IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THELMA UGWU, | ) | |
| Petitioner, | ) | |
| v. | ) | No. 3:11-CV-154-O |
| | ) | |
| ERIC HOLDER, ET AL., | ) | |
| Respondents. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this action has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 by a Petitioner who is subject to an administratively final order of removal.

Parties: Petitioner is represented by counsel. Respondents are Attorney General Eric Holder, Secretary of Homeland Security Janet Napolitano and Dallas District Director Lisa Kehl. The Court has not issued process in this case.

Findings and Conclusions: Petitioner seeks to challenge a final order of removal. Under the Real ID Act, however, this Court lacks jurisdiction over Petitioner's claims.

The Real ID Act of 2005, part of the "Emergency Supplemental Application Act for Defense, The Global War on Terror, and Tsunami Relief, 2005," P.L. 109-13, 2005 HR 1268,

119 Stat. 231, was enacted on May 11, 2005. Section 106 of the REAL ID Act amends § 242(a) of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1252 (2000), by adding, *inter alia,* the following jurisdictional provision:

> (5) Exclusive Means of Review--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

REAL ID Act § 106(a)(5).

Section 106(b) of the REAL ID Act states:

> The amendments made by subsection (a) shall take effect upon the date of the enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of this division.

REAL ID Act § 106(b).

Petitioner filed this petition on January 25, 2011 – after the provisions of the REAL ID Act became effective. She is challenging the validity of her removal order. The provisions of the REAL ID Act, therefore, require this Court to dismiss the petition for lack of jurisdiction.

RECOMMENDATION

For the foregoing reasons, the Court recommends that the petition be dismissed for lack of jurisdiction.

Signed this 7th day of February, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).