UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THELMA UGWU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-154-O |
| | § | |
| ERIC HOLDER, JANET NAPOLITANO, | § | |
| LISA KEHL, | § | |
| | § | |
| Defendants. | § | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Findings, Conclusions, and Recommendation of the Magistrate Judge ("F.C.R.", ECF No. 2) and Plaintiff Thelma Ugwu's objections thereto (ECF No. 3). After reviewing all relevant matters of record in this case, the Court finds that the Findings and Conclusions of the Magistrate Judge are correct, and they are **ACCEPTED** as the Findings and Conclusions of the Court.

**I.     BACKGROUND**

Thelma Ugwu ("Petitioner") filed this habeas petition on January 25, 2011 seeking relief from a final order of exclusion removal ("Exclusion Order") pursuant to 28 U.S.C. § 2241. Pl.'s Compl. ¶¶ 1, 8-16, ECF No. 1. The Exclusion Order was based on Petitioner's 1992 felony conviction under 21 U.S.C. § 952(a) resulting from her guilty plea to charges of heroin trafficking. *Id.* at ¶¶ 8-9, 23.

Under the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this action was referred to the United States Magistrate Judge. F.C.R. 1.

1

The Magistrate Judge recommends that the action be dismissed for lack of subject matter jurisdiction because this Court lacks jurisdiction to hear habeas challenges to exclusion orders. *Id.* at 3. Section 106 of the Real ID Act strips District Courts of such jurisdiction and makes the court of appeals the only court with the power of judicial review of removal orders. *Id.* Petitioner raised two objections to the Magistrate Judge's recommendation. Pl.'s Objections to F.C.R., ECF No. 3. Under 28 U.S.C. § 636(b)(1), the Court must review *de novo* the pleadings, filings, and records of the case and the Findings, Conclusions, and Recommendations of the Magistrate Judge.

## II. DISCUSSION

Petitioner raises two objections: (1) this Court should transfer the case to the Fifth Circuit Court of Appeals where jurisdiction would be proper and (2) this Court should stay the Exclusion Order pending transfer. Pl.'s Objections to F.C.R. 1-2. Petitioner did not object to the lack of jurisdiction of this Court.

Petitioner request that this Court transfer this action to the Fifth Circuit Court of Appeals as that court has jurisdiction to hear challenges to the Exclusion Order. However, this Court cannot transfer "§ 2241 [habeas] petition[s] to [the circuit court] as a petition for review because the petition was not pending on May 11, 2005, the effective date of the Real ID Act." *Castillo-Perales v. Holder*, No. 10-40200, 2011 WL 72190, at *1 (5th Cir. Jan. 6, 2011) (citing *Mansoor v. Gonzales*, 188 F. App'x 273 (5th Cir. 2006)). Because Petitioner's § 2241 petition was not pending on May 11, 2005, this Court cannot transfer this action to the Fifth Circuit Court of Appeals. *See Mansoor*, 188 F. App'x at 273. Since transfer would be improper, this Court may not stay the Exclusion Order pending the transfer. Therefore, Petitioner's Objections are overruled.

## III. CONCLUSION

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 2) and Petitioner's Objections thereto (ECF No. 3), the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are **ACCEPTED** as the Findings and Conclusions of the Court. Accordingly, it is **ORDERED** that this action is **DISMISSED.**

SO ORDERED this **22nd** day of **March, 2011.**

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**